ROBERT S. LARSEN, ESQ.
Nevada Bar No. 7785
DAVID T. GLUTH, II, ESQ.
Nevada Bar No. 10596
GORDON REES SCULLY MANSUKHANI, LLP
300 South Fourth Street, Suite 1550
Las Vegas, Nevada 89101
Telephone: (702) 577-9316
Facsimile: (702) 255-2858
E-Mail: rlarsen@grsm.com
         dgluth@grsm.com

*Attorneys for Nevada Ranch Twilight
Homeowners Association*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC,<br><br>                    Plaintiff,<br><br>vs.<br><br>NEVADA RANCH TWILIGHT HOMEOWNERS ASSOCIATION,<br><br>                    Defendant. | Case No.: 2:17-cv-02437-JCM-PAL<br><br>**STIPULATION AND ORDER TO WITHDRAW PENDING MOTIONS AND LEAVE FOR PLAINTIFF TO AMEND COMPLAINT (FIRST REQUEST)** |

Pursuant to Local Rules IA 6-1 and 7-1, Plaintiff Ocwen Loan Servicing, LLC ("Ocwen"), and Defendant Nevada Ranch Twilight Homeowners' Association ("Nevada Ranch"), by and through their respective attorneys of record, stipulate as follows:

1.      Ocwen filed its Complaint on September 18, 2017 (ECF No. 1).

2.      Nevada Ranch filed a Motion to Dismiss Complaint on January 10, 2018. (ECF No. 8).

3.      Ocwen filed its Opposition to the Motion to Dismiss on March 26, 2018. (ECF No. 13).

4.      Ocwen also filed a Motion for Leave to Amend Complaint and Caption ("Motion to Amend") on March 29, 2018. (ECF No. 14).

5.      For judicial economy, and to avoid duplication of litigation costs, the parties agree

1  to withdraw the pending Motion to Dismiss (ECF No. 8) and Motion to Amend for Leave to

2  Amend Complaint and Caption (ECF No. 14) and jointly stipulate to an order allowing Plaintiff

3  to file an Amended Complaint in this matter.

4        6.     The parties agree that Nevada Ranch is not waiving any of its defenses to any

5  amended pleading Ocwen may file. Nevada Ranch expressly reserves its rights under the

6  Federal Rules of Civil Procedure to file any motion to dismiss, motion for summary judgment,

7  other responsive motion or pleading, or assert affirmative defenses in response to Ocwen's

8  amended pleading. Nevada Ranch further does not waive any defense to any claims made

9  against it.

10        7.     A copy of Ocwen's proposed Amended Complaint is attached to this Stipulation

11  as **Exhibit 1**.

12

13  DATED: April 19th, 2018.                   DATED: April 19th, 2018.

    GORDON & REES LLP                   WRIGHT FINLAY ZAK

14

    */s/ David T. Gluth*                        */s/ Christina V. Miller*

15  ROBERT S. LARSEN, ESQ.            DANA J. NITZ, ESQ.

    Nevada Bar No. 7785                 Nevada Bar No. 0050

16  DAVID T. GLUTH, II, ESQ.           CHRISTINA V. MILLER, ESQ.

    Nevada Bar No. 10596               Nevada Bar No. 12448

17  300 S. Fourth Street, Ste. 1550       7785 W. Sahara Ave., Suite 200

    Las Vegas, Nevada 89101           Las Vegas, NV 89117

18

19  *Attorneys for Nevada Ranch Twilight*     *Attorneys for Plaintiff Ocwen Loan Servicing,*
    *Homeowners Association*               *LLC*

20

21

22                           **ORDER**

23      IT IS SO ORDERED.

24

25      _____

    UNITED STATES DISTRICT JUDGE

26      DATED: _____April 23, 2018_____

27

28

# EXHIBIT 1

# Proposed Amended Complaint

WRIGHT, FINLAY & ZAK, LLP
Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
Christina V. Miller, Esq.
Nevada Bar No. 12448
7785 W. Sahara Ave., Suite 200
Las Vegas, NV 89117
(702) 475-7964; Fax: (702) 946-1345
cmiller@wrightlegal.net
*Attorneys for Plaintiff Ocwen Loan Servicing, LLC*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

OCWEN LOAN SERVICING, LLC,

          Plaintiff,

vs.

NEVADA RANCH TWILIGHT
HOMEOWNERS ASSOCIATION, a Nevada
non-profit company; NEVADA RANCH
MASTER HOMEOWNERS ASSOCIATION, a
Nevada non-profit company,

          Defendant.

Case No.:   2:17-cv-02437-JCM-PAL

**OCWEN LOAN SERVICING, LLC'S
FIRST AMENDED COMPLAINT**

     Plaintiff Ocwen Loan Servicing, LLC ("Plaintiff" or "Ocwen"), by and through its

attorneys of record, Dana Jonathon Nitz, Esq., and Christina V. Miller, Esq., of the law firm of

Wright, Finlay & Zak, LLP, hereby complains against Defendants Nevada Ranch Twilight

Homeowners Association ("Nevada Ranch Twilight"), Nevada Ranch Master Homeowners

Association (the "Nevada Ranch Master") (Nevada Ranch Master and Nevada Ranch Twilight

are collectively referred to herein as the "HOA Defendants") and Alessi & Koenig, LLC (the

"HOA Trustee" collectively referred to with Nevada Ranch Master and Nevada Rach Twilight as

"Defendants") as follows:

///

///

## PARTIES

1.      Plaintiff, Ocwen Loan Servicing, LLC is a Delaware limited liability company authorized to conduct business within the State of Nevada.

2.      Upon information and belief, Defendant Nevada Ranch Twilight is a Nevada non-profit corporation conducting business within the State of Nevada.

3.      Upon information and belief, Defendant Nevada Ranch Master is a Nevada non-profit corporation conducting business within the State of Nevada.

4.      Upon information and belief, Defendant Alessi & Koenig, LLC was a Nevada limited liability company conducting business within the State of Nevada.

5.      Plaintiff is further informed, believes, and thereon alleges that at all times herein mentioned Defendants were agents, servants, employees, alter egos, superiors, successors-in-interest, joint venturers and/or co-conspirators of each of his co-Defendants and in doing the things herein after mentioned, or acting within the course and scope of his authority of such agents, servants, employees, alter egos, superiors, successors-in-interest, joint venturers, and/or co-conspirators with the permission and consent of his co-Defendants, and consequently each Defendant named herein, are jointly and severally liable to Plaintiff for the damages and harm sustained as a result of his wrongful conduct.

6.      Defendants aided and abetted, encouraged, and rendered substantial assistance to the other Defendants in breaching obligations owed to Plaintiff as alleged herein. In taking action, as alleged herein, to aid and abet and substantially assist the commissions of these wrongful acts and other wrongdoings complained of, each of the Defendants acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct and objectives.

7.      Defendants, and each of them, knowingly and willfully conspired, engaged in a common enterprise, and engaged in a common course of conduct to accomplish the wrongs complained of herein. The purpose and effect of the conspiracy, common enterprise, and common course of conduct complained of was, *inter alia,* to financially benefit Defendants at the expense and detriment of Plaintiff by engaging in fraudulent activities. Defendants agreed and

acted in a common course of conduct by misrepresenting and concealing material information regarding the foreclosing HOA. Each Defendant was a direct, necessary and substantial participant in the conspiracy, common enterprise and common course of conduct complained of herein, and was aware of its overall contribution to and furtherance thereof.

<u>**JURISDICTION AND VENUE**</u>

1.     The Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332, as all plaintiffs are "citizens of different States" from all defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs.

2.     The Court also has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it involves federal questions of the laws and Constitution of the United States.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1)-(2) because Defendant resides in this district; a substantial part of the events or omissions giving rise to the claims occurred in this district; and the property that is the subject of this action is situated in this district.

4.     The Court has personal jurisdiction over Defendant because this lawsuit arises out of and is connected with Defendants' purposeful acts or omissions involving real property situated in Nevada and, upon information and belief, Defendants have their primary place of business in the State of Nevada.

<u>**FACTUAL BACKGROUND**</u>

*The Subject Property*

5.     This action centers around the parties' rights in that certain real property commonly described as 5646 Low Stakes Court, Las Vegas, Nevada 89122; APN 161-21-816-038 (the "Property"). The Property is legally described as follows:

> LOT 38 IN BLOCK 1 OF FINAL MAP OF NEVADA RANCH - PHASE 1. AS SHOWN BY MAP THEREOF ON FILE IN BOOK 129 OF PLATS, PAGE 70, IN THE OFFICE OF THE COUNTY RECORDER OF CLARK COUNTY, NEVADA.

6.     On or about December 26, 2006, a Deed of Trust, securing a loan in the amount of $252,436.00 (the "Michu Loan"), was recorded as Book and Instrument Number 20061226-0003545 identifying Adanech M. Michu ("Michu") as the Borrower, DHI Mortgage Company,

Ltd. as the Lender, DHI Title of Nevada, Inc. as the Trustee, and Mortgage Electronic Registration Systems, Inc. as beneficiary acting solely as nominee for Lender and Lender's successors and assigns (the "Deed of Trust").[1]

7.    In or about April 2007, Federal National Mortgage Association ("Fannie Mae") purchased the Michu Loan and thereby acquired a first secured interest on the Property and still owns the Michu Loan.

8.    On or about July 30, 2009, an Assignment of Deed of Trust was recorded against the Property as Book and Instrument Number 20090730-0003761 whereby the Deed of Trust was assigned to IndyMac Federal Bank FSB.[2]

9.    On or about February 21, 2013, a Corporation Assignment of Deed of Trust was recorded against the Property as Book and Instrument Number 20130221-0002400 whereby the Deed of Trust was assigned to OneWest Bank, FSB ("OneWest").[3]

10.    On or about March 1, 2014, servicing of the Michu Loan was transferred from OneWest to Plaintiff.

11.    On or about July 6, 2016, a Corporate Assignment of Deed of Trust was recorded against the Property as Book and Instrument Number 20160706-0001552 whereby the Deed of Trust was assigned to Plaintiff.[4]

12.    Plaintiff is the beneficiary of record of the Deed of Trust and, as such, is authorized, and has constitutional and prudential standing, to bring this action regarding the Michu Loan.

13.    Plaintiff is and was a servicer for Fannie Mae, the owner of the Deed of Trust and Michu Loan it secures, and as servicer, Plaintiff is authorized by Fannie Mae to bring this action and protect Fannie Mae's interest in the Deed of Trust and Michu Loan.

///

///

_____

[1] ECF No. 1-2.
[2] ECF No. 1-3.
[3] ECF No. 1-4.
[4] ECF No. 1-5.

***The HOA Foreclosure and Borgert's Acquisition of the Property***

14.     The Property is subject to a Master Declaration of Covenants, Conditions and Restrictions and Reservation of Easements for Nevada Ranch Master Community recorded on April 4, 2006 as Book and Instrument Number 20060404-0003025 (the "CC&Rs").

15.     On or about August 25, 2009, a Notice of Delinquent Assessment (Lien) was recorded as Book and Instrument Number 20090825-0003614 on behalf of Nevada Ranch Twilight by its foreclosure trustee, Alessi & Koenig, LLC (the "HOA Trustee").[5]   The Nevada Ranch Twilight Notice of Delinquent Assessment (Lien) stated that the amount owing as of August 25, 2009 was $899.66, of which $295.00 represent collection or attorney fees and $50.00 represent collection costs, late fees, service charges and interest.[6]

16.     Also on or about August 25, 2009, a Notice of Delinquent Assessment (Lien) was recorded as Book and Instrument Number 20090825-0003615 on behalf of Nevada Ranch Master by its foreclosure trustee, the HOA Trustee.[7]   The Nevada Ranch Master Notice of Delinquent Assessment (Lien) stated that the amount owing as of August 11, 2009 was $498.75, of which $295.00 represent collection and/or attorney fees and $50.00 represent collection costs, late fees, service charges and interest.[8]

17.     The HOA Trustee is the agent of Nevada Ranch Twilight and Nevada Ranch Master and both Nevada Ranch Twilight and Nevada Ranch Master are responsible for the HOA Trustee's acts and omissions under the doctrine of respondeat superior.

18.     On or about November 16, 2009, a Notice of Default and Election to Sell Under Homeowners Association Lien ("Notice of Default") was recorded as Book and Instrument Number 20091116-0001335 on behalf of Nevada Ranch Twilight by the HOA Trustee.[9]

19.     The Nevada Ranch Twilight Notice of Default stated that the amount owing as of October 22, 2009, was $1,861.66.[10]

---

[5] ECF No. 1-6.
[6] *Id.*
[7] ECF No. 13-1 at Exhibit 1.
[8] *Id.*
[9] ECF No. 1-7.
[10] *Id.*

20.     On or about November 16, 2009, a Notice of Default and Election to Sell Under Homeowners Association Lien ("Notice of Default") was recorded as Book and Instrument Number 20091116-0001336 on behalf of Nevada Ranch Master by the HOA Trustee.[11]

21.     The Nevada Ranch Master Notice of Default stated that the amount owing as of October 22, 2009, was $1,471.25.[12]

22.     On or about November 5, 2010, a second Notice of Default was recorded as Book and Instrument Number 201011050002942 on behalf of Nevada Ranch Master by the HOA Trustee.[13]

23.     The Nevada Ranch Master second Notice of Default stated that the amount owing as of September 16, 2010, was $2,878.91.[14]

24.     On or about August 14, 2012, a Notice of Trustee's Sale was recorded as Book and Instrument Number 20120814-0002047 on behalf of Nevada Ranch Twilight by the HOA Trustee.[15]

25.     The Nevada Ranch Twilight Notice of Trustee's Sale stated that "[t]he total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $2,241.66."

26.     On or about March 20, 2012, a Notice of Trustee's Sale was recorded as Book and Instrument Number 201203200001182 on behalf of Nevada Ranch Master by the HOA Trustee.[16]

27.     The Nevada Ranch Master Notice of Trustee's Sale stated that "[t]he total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale

---

[11] ECF 13-1 at Exhibit 2.
[12] *Id.*
[13] ECF 13-1 at Exhibit 3.
[14] *Id.*
[15] ECF No. 1-8.
[16] ECF No. 13-1 at Exhibit 4.

is $4,096.41."[17]

28. On or about August 14, 2012, a second Notice of Trustee's Sale was recorded as Book and Instrument Number 20120814-0002048 on behalf of Nevada Ranch Master by the HOA Trustee.[18]

29. The Nevada Ranch Master second Notice of Trustee's Sale stated that "[t]he total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $5,340.00."[19]

30. On or about January 8, 2013, a Trustee's Deed Upon Sale ("Trustee's Deed") was recorded as Book and Instrument Number 20131080-0002396, stating that MYE Construction, LLC ("MYE") had prevailed at an HOA lien foreclosure sale conducted by the HOA Trustee on behalf of Nevada Ranch Twilight Homeowners Association on December 12, 2012 (the "HOA Sale"). The Trustee's Deed states the sale price as $6,300.00.[20]

31. A Corrective Trustee's Deed Upon Sale was recorded on April 25, 2013, recorded as Book and Instrument Number 20130425-0002338, stating that it was recorded to correct the foreclosing beneficiary's name from Nevada Ranch Twilight to Nevada Ranch Master and to correct the "TS No." from 17659-5646 to 17660-5646.[21]

32. Upon information and belief, as a result of correspondence between counsel for Nevada Ranch Twilight and Ocwen on or about January 19, 2018, Nevada Ranch Master was not the homeowners association that foreclosed on the Property at the HOA Sale, but instead, Nevada Ranch Twilight was the foreclosing association.

33. Defendants' misrepresented to the public, including Plaintiff, that Nevada Ranch Master not Nevada Ranch Twilight was the foreclosing association. Defendants have not corrected this misrepresentation and continue to knowingly misrepresent to the public, including

---

[17] *Id.*
[18] ECF No. 13-1 at Exhibit 5.
[19] *Id.*
[20] ECF No. 1-9.
[21] ECF No. 1-10.

Plaintiff, that Nevada Ranch Master not Nevada Ranch Twilight was the foreclosing association.

34.    Upon information and belief, no corrective document has been recorded against the Property to correctly reflect the proper foreclosing association.

35.    At no time prior to the filing of this action did Defendants contact or attempt to contact Fannie Mae, Plaintiff or its predecessors, to notify them of the false Corrective Trustee's Deed Upon Sale.

36.    On or about June 5, 2013, a Quitclaim Deed was recorded as Book and Instrument Number 20130605-0002906, wherein MYE quitclaimed its interest in the Property to Borgert.[22]

37.    The above-identified foreclosure notice recorded by the HOA Trustee on behalf of Nevada Ranch Master and Nevada Ranch Twilight (collectively "HOA Foreclosure Notices") failed to identify what proportion of the claimed lien was for alleged assessments, late fees, interest, fines/violations, or collection fees/costs.

38.    None of the HOA Foreclosure Notices specified what proportion of the lien, if any, that Defendants claimed constituted a "super-priority" lien.

39.    None of the HOA Foreclosure Notices specified whether Defendants were foreclosing on the "super-priority" portion of their liens, if any, or under the non-super-priority portion of the liens.

40.    None of the HOA Foreclosure Notices specified what portion of the liens, if any, that Defendants claimed constituted a "super-priority" lien.

41.    None of the HOA Foreclosure Notices provided any notice of a right to cure by Plaintiff or its predecessors-in-interest.

42.    Upon information and belief, Plaintiff or its predecessors-in-interest never received notice of the foreclosure sale from Defendants or their agent, the HOA Trustee.

## **GENERAL ALLEGATIONS**

43.    The HOA Sale did not comply with NRS 116.3102 et seq. because none of the aforementioned HOA Foreclosure Notices identified what portion of the claimed liens were for alleged late fees, interest, fines/violations, or collection fees/costs.

---

[22] ECF No. 1-11.

44.     The HOA Sale is unlawful and void under NRS 116.3102 et seq.

45.     The above-identified Notice of Defaults for Defendants did not "describe the deficiency in payment" in violation of NRS Chapter 116.

46.     Upon information and belief, Defendants and their foreclosure trustee, did not comply with all mailing and noticing requirements stated in NRS 116.31162 through NRS 116.31168.

47.     The HOA Sale was an invalid sale and could not have extinguished Plaintiff's secured interest because of above-stated defects in the notices given to Plaintiff, or its predecessors, agents, servicers or trustees, if any.

48.     The HOA Sale is unlawful and void because the "opt-in" provision in NRS 116.3116 does not satisfy Constitutional Due Process safeguards under the 5th and 14th Amendment to the United States Constitution, nor Clause 1, Section 8, of the Nevada Constitution, so that the statute is unconstitutional on its face.

49.     NRS Chapter 116 is unconstitutional on its face and the HOA Sale is unlawful and void because the statutory scheme set forth in NRS 116.3116 et seq. constitutes a regulatory taking of private property without adequate compensation.

50.     NRS Chapter 116 is unconstitutional on its face as it lacks any express requirement for an HOA or its agents to provide notice of a foreclosure to the holder of a first deed of trust or mortgage.

51.     NRS Chapter 116 is unconstitutional on its face as it lacks any express requirement for an HOA or its agents to provide notice of the super-priority amount, if any, to the holder of a first deed of trust or mortgage or to accept tender of the super-priority amount or any amount from the holder.

52.     NRS Chapter 116 is unconstitutional on its face due to vagueness and ambiguity.

53.     A homeowner's association sale must be conducted in a commercially reasonable manner.

54.     The HOA Sale is commercially unreasonable under NRS 116.1113 based on the above statements, the circumstances of the HOA Sale, and based on the sales price compared to

the fair market value of the Property.

55.     Plaintiff, its agents, servicers, or predecessors in interest were not given proper notice that HOA Defendants  intended to foreclose on their super-priority portion of the dues owing.  Plaintiff was not on notice that it had to attend the HOA Sale to protect its security interest.

56.     Pursuant to NRS 116.31162(1) an association may only proceed with foreclosure under NRS 116.31162 – 116.31168 if the declaration or CC&RS so provide.

57.     The CC&Rs contain a Mortgage Protection Clause.

58.     The CC&Rs and the Mortgage Protection Clause therefore prohibit Defendants from foreclosing on a unit where the mortgage or deed of trust would be eliminated.

59.     Because the CC&Rs contained a Mortgagee Protection Clause, and because Plaintiff or its predecessors-in-interest were not given proper notice that Defendants intended to foreclose on the super-priority portion of the dues owing to each, Plaintiff was not on notice that it had to attend the HOA Sale to protect its security interest.

60.     A homeowner's association sale conducted pursuant to NRS Chapter 116 must comply with all notice provisions as stated in NRS 116.31162 through NRS 116.31168 and NRS 107.090.

61.     A lender or holder has a right to cure a delinquent homeowner's association lien in order to protect its interest.

62.     The HOA Sale violated Plaintiff's rights to due process because it, or its predecessors, agents, servicers or trustees, was not given proper, adequate notice and the opportunity to cure the deficiency or default in the payment of HOA Defendants' assessments and the super-priority liens, if any.

63.     The HOA Sale was an invalid sale and could not have extinguished Plaintiff's secured interest because of above-stated defects in the notices given to Plaintiff, or its predecessors, agents, servicers or trustees, if any.

64.     Under NRS Chapter 116, a lien under NRS 116.3116(1) can only include costs and fees that are specifically enumerated in the statute.

65.     The attorney's fees and the costs of collecting on a homeowner's association lien cannot be included in the super-priority lien.

66.     The sales price at the HOA Sale is not commercially reasonable, and not done in good faith, when compared to the debt owed to Plaintiff on the Michu Loan and the fair market value of the Property which exceeded $110,000.00.

67.     The HOA Sale violated Plaintiff's rights to due process because it, or its predecessors, agents, servicers or trustees, was not given proper, adequate notice and the opportunity to cure the deficiency or default in the payment of the HOA's assessments.

68.     Extinguishment of the Deed of Trust would deprive Plaintiff of its right to due process because Defendants included amounts in their super-priority liens, such as fines, late fees, interest, dues, and costs of collection that are not allowed to be included in a super-priority lien, if any, under Nevada law.

69.     Extinguishment of the Deed of Trust would deprive Plaintiff of its right to due process because the HOA Trustee or the HOA failed to describe the deficiency in payment as required by Nevada law and failed to give Plaintiff or its predecessors-in-interest any reasonable opportunity to satisfy the super-priority lien, if any.

70.     Defendants knew that Plaintiff would rely on the Mortgagee Protection Clause contained in the recorded CC&Rs, and knew that Plaintiff would not know that Defendants were foreclosing on super-priority amounts because of Defendants' and the HOA Trustee's failure to provide such notice. Plaintiff's absence from the HOA Sale allowed MYE to appear at the HOA Sale and purchase the Property for a fraction of market value, making the HOA Sale commercially unreasonable.

71.     Defendants knew that prospective bidders would be less likely to attend the HOA Sale because the public at large believed that Plaintiff was protected under the Mortgagee Protection Clause in the CC&Rs of public record, and that the public at large did not receive notice, constructive or actual, that HOA Defendants were foreclosing on a super-priority portion of their liens because HOA Defendants and the HOA Trustee improperly failed to provide such notice.  The general public's belief therefore was that a buyer at the HOA Sale would take title to

the Property subject to the Deed of Trust. This general belief resulted in the absence of prospective bidders at the HOA Sale, which allowed MYE to appear at the HOA Sale and purchase the Property for a fraction of market value, making the HOA Sale commercially unreasonable.

72. The circumstances of the HOA Sale of the Property breached Defendants' obligation of good faith under NRS 116.1113 and their duty to act in a commercially reasonable manner.

73. In the event Plaintiff's interest in the Property is not reaffirmed or restored, Plaintiff suffered damages in the amount of the fair market value of the Property or the unpaid balance of the Michu Loan, at the time of the HOA Sale, whichever is greater, as a proximate result of Defendants' acts and omissions.

## FIRST CAUSE OF ACTION

### (Negligence versus Defendants)

74. Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

75. Defendants owed a duty to Plaintiff and its predecessors in interest and subordinate lienholders to conduct the HOA Sale at issue in this case properly.

76. Defendants breached their duty by failing to disclose the amount of the super-priority lien, by failing to specify that it was foreclosing on the super-priority portion of their liens as opposed to the non-super-priority portion, and by failing to provide notice of the HOA Sale and the notice that Plaintiff and subordinate lienholders had an opportunity to cure.

77. As an actual and proximate result of the breaches of duties owed by Defendants and the HOA Trustee, Plaintiff has incurred general and special damages.

78. If Plaintiff is found to have lost its first secured interest in the Property, it was the proximate result of Defendants breaches of their duties, and Plaintiff has thereby suffered general and special damages.

79. Plaintiff has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

## SECOND CAUSE OF ACTION

### (Negligence Per Se versus Defendants)

80.     Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

81.     NRS Chapter 116 imposes a duty on homeowners associations to conduct HOA foreclosure sales in a manner that is consistent with its provisions and, by reference, the provisions of NRS 107.090.

82.     Defendants each breached the statutory duties imposed by NRS Chapter 116 by proceeding with the HOA foreclosure sale; and by proceeding with the sale without notice that the successful bidder would take title subject to the Deed of Trust.

83.     Defendants violated NRS 116.31162(1)(b)(1) by failing to disclose the correct amount in deficiency.

84.     Defendants violated NRS 116.3116 et seq. by failing to give proper notice to Plaintiff and its predecessors in interest.

85.     Plaintiff and its predecessors in interest are members of the class of persons whom NRS Chapter 116 is intended to protect.

86.     The injury that Plaintiff faces— extinguishment of the Deed of Trust —is the type against which NRS Chapter 116 is intended to protect.

87.     As an actual and proximate result of Defendants' breaches of their statutory duties, Plaintiff and its predecessors in interest were unable to cure by tendering a pay-off of the super-priority liens threatening its security interest.

88.     As a proximate result of Defendants' breaches of their duties, Plaintiff has incurred general and special damages to defend its title in this action, in an amount not yet liquidated.

89.     If it is determined that the Deed of Trust was extinguished and Plaintiff is found to have lost its first-position secured interest in the Property, Plaintiff's loss was actually and proximately caused by the actions and inactions of Defendants, and the breaches of their statutory duties, and Plaintiff has thereby suffered general and special damages, which are not

yet liquidated.

90.     Plaintiff has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

## THIRD CAUSE OF ACTION

### (Breach of Contract versus HOA Defendants)

91.     Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

92.     Plaintiff and its predecessors in interest were intended beneficiaries of HOA Defendants' CC&Rs and any and all amendments thereto.

93.     HOA Defendants breached the obligations, promises, covenants and conditions of the CC&Rs owed to Plaintiff and its predecessors in interest by the circumstances under which they conducted the HOA Sale of the Property.

94.     HOA Defendants breaches of the obligations, promises, covenants and conditions of the CC&RS and any and all amendments thereto proximately caused Plaintiff general and special damages.

95.     Plaintiff has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

## FOURTH CAUSE OF ACTION

### (Misrepresentation versus HOA Defendants)

96.     Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

97.     Plaintiff and its predecessors in interest are within the class or persons or entities that the HOA intended or had reason to expect to act or to refrain from action in reliance upon the provisions of the CC&Rs  and any and all amendments thereto, including without limitation, the Mortgagee Protection Clause.

98.     Plaintiff and its predecessors in interest justifiably relied upon the provisions of the CC&Rs, any and all amendments to the CC&Rs and NRS 116.3116(2)(b) in giving consideration for the Deed of Trust, and the Michu Loan it secures, and HOA Defendants

intended or had reason to expect their conduct would be influenced.

99.    HOA Defendants' misrepresentations in the provisions of the CC&Rs, including without limitation, the Mortgagee Protection Clause, were false or they had an insufficient basis for making the representations.

100.    HOA Defendants had a pecuniary interest in having Plaintiff and its predecessors in interest rely on the provisions of the CC&Rs and any and all amendments thereto, including without limitation, the Mortgagee Protection Clause.

101.    HOA Defendants failed to exercise reasonable care or competence in communicating the information within the provisions of the CC&Rs and any and all amendments thereto, including without limitation, the Mortgagee Protection Clause, were false or they had an insufficient basis for making.

102.    HOA Defendants acted in contravention to the provisions in the CC&Rs, including without limitation, the Mortgagee Protection Clause, when they conducted the HOA Sale in a manner that could extinguish the Deed of Trust.

103.    Plaintiff suffered general and specific damages as a proximate cause of its reliance.

104.    Plaintiff has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees.

## FIFTH CAUSE OF ACTION

### (Breach of the Covenant of Good Faith and Fair Dealing versus HOA Defendants)

105.    Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

106.    Implicit in every contract in the State of Nevada is an implied covenant of good faith and fair dealing.

107.    Plaintiff and its predecessors in interest were intended beneficiaries of Defendants' CC&Rs and any and all amendments thereto.

108.    HOA Defendants breached the duties, obligations, promises, covenants and conditions, express and implied, in the CC&Rs owed to Plaintiff and its predecessors in interest

by the circumstances under which they conducted the HOA Sale and failed to act in good faith.

109. HOA Defendants acts and omissions proximately caused Plaintiff general and special damages.

110. Plaintiff has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

## SIXTH CAUSE OF ACTION

### (Wrongful/Defective Foreclosure versus Defendants)

111. Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

112. Upon information and belief, Defendants did not comply with all mailing and noticing requirements stated in NRS 116.31162 through NRS 116.31168.

113. Defendants failed to provide notice pursuant to Nevada law and assure due process.

114. Defendants wrongfully rejected the tender.

115. The HOA Sale was wrongfully conducted and violated applicable law, and therefore, the Court should set it aside to the extent that it purports to have extinguished the Deed of Trust.

116. The HOA Sale was not commercially reasonable, and therefore, it was invalid, wrongful, and should be set aside.

117. Defendants did not give Plaintiff, or its agents, servicers or predecessors-in-interest, the proper, adequate notice of the sale and the opportunity to cure the deficiency or default in the payment of HOA Defendants' assessments required by Nevada statutes, the CC&Rs, and Due Process, and therefore, the HOA Sale should be set aside or declared invalid or void.

118. As a proximate result of Defendants wrongful/statutorily defective foreclosure of the Property by the HOA Sale, as more particularly set forth above and in the general allegations, Plaintiff has suffered general and special damages in an amount to be determined at trial.

119. If it is determined that the Deed of Trust has been extinguished by the HOA Sale

as a proximate result of Defendants' wrongful foreclosure of the Property by the HOA Sale, Plaintiff has suffered special damages in the amount equal to the fair market value of the Property or the unpaid balance of the Michu Loan, plus interest, at the time of the HOA Sale, whichever is greater, in an amount not presently known or liquidated, and according to proof at trial.

120.    Defendants acts and omissions proximately caused Plaintiff general and special damages.

121.    Plaintiff has been required to retain counsel to prosecute this action and is entitled to recover reasonable attorney's fees to prosecute this action.

### SEVENTH CAUSE OF ACTION

### (Unjust Enrichment versus Defendants)

122.    Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

123.    Defendants have benefitted from the unlawful HOA Sale.

124.    Should Plaintiff's Complaint be unsuccessful in quieting title against Defendants or setting aside the HOA Sale, Defendants retained proceeds from the HOA Sale which belonged to Plaintiff under NRS 116.3116 et seq. and they will have been unjustly enriched by retention of those proceeds.

125.    Plaintiff will have suffered damages if Defendants are allowed to retain these proceeds and the proceeds are not delivered to Plaintiff.

126.    Plaintiff is entitled to general and special damages.

127.    Plaintiff has been compelled to retain counsel to represent it in this matter and has and will continue to incur attorney's fees and costs.

### EIGHTH CAUSE OF ACTION

### (Equitable Estoppel versus HOA Defendants)

128.    Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein. Based upon information and belief, Plaintiff alleges that HOA Defendants' were informed regarding the true foreclosing entity at the HOA Sale.

1     129.    Based upon information and belief, Plaintiff alleges that Defendants intended

2 that Plaintiff be prevented from pursuing any claim for monetary damages against them by

3 virtue of recording a false Corrective Trustee's Deed Upon Sale with the wrong foreclosing

4 entity and further, failing to rectify that mistake.

5     130.    Plaintiff alleges that it believed and thereby detrimentally relied upon the false

6 Corrective Trustee's Deed Upon Sale by submitting a claim to NRED against Nevada Ranch

7 Master and the HOA Trustee only. Further, Plaintiff alleges that it did not submit a claim to

8 NRED against Nevada Ranch Twilight based upon its belief, pursuant to the Corrective

9 Trustee's Deed Upon Sale, that Nevada Ranch Twilight was not the foreclosing association.

10 Plaintiff alleges that Defendants' actions led Plaintiff to wrongfully believe that Nevada Ranch

11 Master foreclosed upon its lien and, therefore, that a claim to NRED against Nevada Ranch

12 Twilight was unnecessary.

13     131.    Plaintiff alleges, that had the undersigned counsel known that Nevada Ranch

14 Twilight was the foreclosing association, then the undersigned counsel would have submitted a

15 claim to NRED against Nevada Ranch Twilight and would not now possibly be in jeopardy of

16 running against the applicable statute of limitations.

17     132.    Plaintiff alleges that it did not discover, and could not have discovered, that

18 Nevada Ranch Master was not the foreclosing association after it submitted the NRED claim

19 against Nevada Ranch Master and the HOA Trustee.

20     133.    As a direct and foreseeable consequence of the acts of Defendants, Plaintiff has

21 relied to its detriment on the recordation of the wrong foreclosing entity, and as a result has

22 suffered damages.

23                               **NINTH CAUSE OF ACTION**

24                   **(Negligent Misrepresentation versus Defendants)**

25     134.    Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth

26 herein.

27     135.    Based upon information and belief, Plaintiff alleges that the Defendants

28 misrepresented the identity of the foreclosing association.

136.     Based upon information and belief, Plaintiff alleges that Defendants knew that recording a false Corrective Trustee's Deed Upon Sale naming the wrong foreclosing entity, would result in pecuniary gain for all Defendants and ultimately lead to Plaintiff's reliance upon that misleading information.

137.     Plaintiff alleges that as a result of recording a false Corrective Trustee's Deed Upon Sale, other interested entities, such as Ocwen, would rely upon that recording to act in protecting its Deed of Trust.

138.     Plaintiff alleges, that it justifiably relied upon Defendants' misrepresentation of which association foreclosed on the Property at the HOA Sale.

139.     Plaintiff alleges that reliance upon Defendants' misrepresentation resulted in monetary damages to Plaintiff.

140.     Based upon information and belief, Plaintiff alleges that Defendants have failed to exercise reasonable care or competence in obtaining a further corrective Deed to accurately reflect the true HOA that foreclosed upon the Property.

141.     As a direct and foreseeable consequence of the acts of Defendants, Plaintiff has been caused to suffer damages.

## TENTH CAUSE OF ACTION

### (Intentional and/or Fraudulent Misrepresentation versus Defendants)

142.     Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

143.     Based upon information and belief, the Plaintiff alleges that Defendants intentionally misrepresented to the public that Nevada Ranch Master was the foreclosing entity by recording a false Corrective Trustee's Deed Upon Sale against the Property on April 25, 2013.

144.     Based upon information and belief, Defendants knew at the time of recording that the Corrective Trustee's Deed Upon Sale falsely stated that the identity of the foreclosing association.

145.     Based upon information and belief, as a result of correspondence between

counsel for Nevada Ranch Twilight and Ocwen in January 2018, including but not limited to on January 19, 2018, Defendants currently know that the Corrective Trustee's Deed Upon Sale is false and identifies the wrong foreclosing association.

146. Based upon information and belief, Plaintiff alleges that the misrepresentations and suppression of information by Defendants was made with the intent to induce Plaintiff and other interested entities to act or not act, in the manner herein alleged in reliance thereon.

147. Based upon information and belief, Plaintiff alleges that the misrepresentations and suppression of information by Defendants was deceptive and fraudulent and intentionally designed to induce Plaintiff, and other interested entities, to not act in protecting its secured interest in the Property for the benefit of, and to the profit of, said Defendants.

148. Plaintiff relied on the superior knowledge Defendants and believed the representations made to the public in the Corrective Foreclosure Deed Upon Sale. As a result of Plaintiff's reliance on Defendants' intentional misrepresentations and concealment of material facts regarding the foreclosing association and the true role of Nevada Ranch Twilight and Nevada Ranch Master, Plaintiff was induced not to act against Nevada Ranch Twilight.

149. Based upon information and belief, Plaintiff alleges that Defendants took unfair advantage of Plaintiff's position as a first Deed of Trust holder and put Plaintiff in an unfair and grossly oppressive position.

150. Based upon information and belief, Plaintiff alleges that Defendants' fraudulent acts and bad faith involves a flagrant, arrogant, and unlawful abuse of the process by which Defendants provided notice to the public.

151. Plaintiff alleges that each Defendant knew or should have known of the misrepresentations being made by virtue of the false Corrective Trustee's Deed Upon Sale recorded on April 25, 2013, but have taken no action to correct the same in almost five years. Instead, each Defendant has purposefully and intentionally allowed the misrepresentations to continue, and concealed the true nature of its participation and role in the HOA Foreclosure Notices and sale in order for Defendants to continue to profit under the assessment lien and subsequent sale of the Property.

152. Further, Plaintiff alleges that despite Plaintiff's diligent efforts to subpoena documents from the HOA Trustee and Nevada Ranch Master and requests to Nevada Ranch Twilight's counsel, Defendants have purposefully and intentionally allowed the misrepresentations to continue and failed to provide any evidence to support Nevada Ranch Twilight's representation that it was the foreclosing association.

153. As a direct and foreseeable consequence of the acts of each Defendant, Plaintiff has been caused to suffer damages.

154. In addition, the acts of Defendants are alleged to have been intentional and committed with a conscious disregard for the consequences of the acts or to the damages that Plaintiff may suffer as consequence of those actions. Punitive damages are, therefore, appropriate to punish such acts and to deter such conduct by others offering such services.

## ELEVENTH CAUSE OF ACTION

### (Fraudulent Concealment versus Defendants)

155. Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

156. Based upon information and belief, Plaintiff alleges that Defendants intentionally concealed or suppressed the true identity of the foreclosing entity at the HOA Sale.

157. Based upon information and belief, Plaintiff alleges that Defendants have engaged in a continuing course of successive acts of fraudulent concealment from the time of the initial recording of the Notice of Delinquent Assessment Lien for Nevada Ranch Master and Nevada Ranch Twilight by the HOA Trustee through the date of recording a false Corrective Trustee's Deed Upon Sale in April of 2013, and continues through today by intentionally and purposefully allowing the misrepresentations and concealment to persist without correction.

158. Plaintiff alleges that Defendants are under a duty to disclose the true foreclosing entity to the public.

159. Based upon information and belief, Plaintiff alleges that Defendants intended that Plaintiff and any other interested entities be prohibited from pursuing any claim for monetary damages against them by virtue of recording a false Corrective Trustee's Deed Upon

Sale on April 25, 2013, naming the wrong foreclosing association and failing to rectify that mistake at any time between April 25, 2013 to the present.

160. Further, Plaintiff alleges that because of these wrongful acts of Defendants, Plaintiff was induced to act to its detriment which in turn, favored the interests of Defendants.

161. Based upon information and belief, Plaintiff alleges that the actions of Defendants were designed to, and did in fact, fraudulently conceal the deceptive misrepresentations in the Corrective Trustee's Deed Upon Sale upon which Plaintiff relied in pursuing its interests in the property and seeking monetary relief through NRED and the instant action against the true foreclosing association.

162. Plaintiff alleges that it was unaware of the true foreclosing association and could not have discovered the true foreclosing association through reasonable and diligent effort.

163. Had Plaintiff known that Nevada Ranch Twilight was the actual foreclosing entity, Plaintiff would not have submitted its NRED claim against Nevada Ranch Master and would have submitted a NRED claim against Nevada Ranch Twilight instead.

164. Plaintiff alleges that it did not discover that it had been misled by the deceptive recording tactics and intricate scheme of fraud and concealment employed by Defendants until it was alluded to by Nevada Ranch Twilight's counsel in early 2018.

165. Plaintiff alleges that it did not discover, nor could it through the exercise of reasonable diligence have discovered the fraud of Defendants as alleged herein.

166. The actions by Defendants tolled any applicable statute of limitations because of Defendants' affirmative acts of fraudulent concealment from the time of recording the false Corrective Trustee's Deed Upon Sale to currently.

167. Based upon information and belief, Plaintiff alleges that Defendants were in privity with each other; the fraudulent concealment committed by Defendants tolls the statute of limitations as to anyone in privity with them, and the Defendants should be equitably estopped from asserting any statute of limitations affirmative defense in this action.

168. As a result of Defendants' fraudulent and intentional acts of concealing or suppressing the true identity of the foreclosing association, Plaintiff has suffered damages.

**TWELVETH CAUSE OF ACTION**

**(Civil Conspiracy versus Defendants)**

169.    Plaintiff incorporates and re-alleges all previous paragraphs, as if fully set forth herein.

170.    Based upon information and belief, Plaintiff alleges that Defendants did act, and continue to act in combination with one another as alleged in this Complaint. The said actions of these Defendants are for the purposes of accomplishing a common objective, by legal and illegal means for the purposes of pecuniary gain.

171.    Based upon information and belief, Plaintiff alleges that the HOA Trustee was hired as an agent for HOA Defendants for the purposes of collecting and pursuing foreclosure proceedings pursuant to delinquent assessment liens associated with the Property. Plaintiff alleges that the HOA Trustee knew of the untruth of the fraudulent misrepresentations of facts regarding the scope of its participation in recording notices for both HOA Defendants at the same time, for the same Property. Further, Plaintiff alleges that despite this public information and the clear and intended reliance placed on the HOA Trustee by HOA Defendants, each Defendant continued to participate in said scheme to collect foreclosure sale proceeds, either directly or indirectly from the Buyer, all of which payments emanated ultimately from, and to the damage of, Plaintiff.

172.    Based upon information and belief, Plaintiff alleges that the HOA Trustee facilitated the means to aid both HOA Defendants to collect on unpaid assessments owed on the same Property, and wrongfully distributed the sale proceeds to HOA Defendants and the HOA Trustee for the sale of the same Property.

173.    Based upon information and belief, Plaintiff alleges that Defendants acted in concert with the intent to realize a monetary gain from the sale of the Property. In addition, the acts of Defendants are alleged to have been intentional and committed with the purpose of harming Plaintiff's secured interest by selling the Property and distributing the proceeds produced therefrom without regard to the priority of other encumbrances against the Property.

174.    Plaintiff alleges, that Defendants will each profit if they are successful in taking

the sale proceeds and excess proceeds therefrom, pursuant to an existing agreement or understanding. As a result, Plaintiff alleges that it has been and continues to be damaged by the unlawful and tortious actions of Defendants in combination with each other.

175. Based upon information and belief, Plaintiff alleges that Defendants in combination with each other and other parties, assisted, encouraged, or planned to accomplish the wrongful acts. Therefore, actual and punitive damage awards in favor of Plaintiff should be joint and several as between Defendants.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against the Defendants, jointly and severally, as follows:

1. Damages in the amount of the fair market value of the Property or the unpaid balance of the Michu Loan and Deed of Trust, at the time of the HOA Sale, whichever is greater;

2. For general, special, actual, and punitive damages;

3. For attorney's fees;

4. For costs incurred herein, including post-judgment costs; and

5. For any and all further relief deemed appropriate by this Court.

DATED this _____ day of _____, 2018.

WRIGHT, FINLAY & ZAK, LLP

/s/_____
Dana Jonathon Nitz, Esq.
Nevada Bar No. 0050
Christina V. Miller, Esq.
Nevada Bar No. 12448
7785 W. Sahara Ave, Suite 200
Las Vegas, Nevada 89117
*Attorneys for Plaintiff, Ocwen Loan Servicing, LLC*