ROBERT S. LARSEN, ESQ.
Nevada Bar No. 7785
DAVID T. GLUTH, II, ESQ.
Nevada Bar No. 10596
GORDON REES SCULLY MANSUKHANI, LLP
300 South Fourth Street, Suite 1550
Las Vegas, Nevada 89101
Telephone: (702) 577-9316
Facsimile: (702) 255-2858
E-Mail: rlarsen@grsm.com
dgluth@grsm.com

*Attorneys for Nevada Ranch Twilight Homeowners Association*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>NEVADA RANCH TWILIGHT HOMEOWNERS ASSOCIATION, a Nevada non-profit company; NEVADA RANCH MASTER HOMEOWNERS ASSOCIATION, a Nevada non-profit company,<br><br>Defendant. | Case No.: 2:17-cv-02437-JCM-PAL<br><br>**JOINT MOTION TO DISMISS DEFENDANT NEVADA RANCH TWILIGHT HOMEOWNERS ASSOCIATION, WITHOUT PREJUDICE** |

Plaintiff Ocwen Loan Servicing, LLC ("Ocwen") and Defendant Nevada Ranch Twilight Homeowners' Association ("Nevada Ranch Twilight"), by and through their respective attorneys of record, submit the following Joint Motion for and Order to Dismiss Defendant Nevada Ranch Twilight without prejudice, pursuant to FRCP 41(a)(2).[1]  This Motion is based on the pleadings and papers filed in this action, the attached Memorandum of Points and Authorities, and any oral argument the Court may allow should a hearing be scheduled.

### MEMORANDUM OF POINTS AND AUTHORITIES

Fed. R. Civ. P. 41(a)(2) allows for voluntary dismissal of action by the request of

---

[1] Ocwen attempted to obtain Defendant Nevada Ranch Master Association's approval on a stipulation and order to dismiss Nevada Ranch Twilight However, counsel for Nevada Ranch Master Homeowners Association did not respond and, therefore, Ocwen and Nevada Ranch Twilight are filing this Joint Motion to Dismiss Nevada Ranch Twilight.

-1-

Plaintiff by this Court's order upon terms the Court considers proper. Ocwen and Nevada Ranch Twilight agree and stipulate to dismiss Ocwen's Amended Complaint against Nevada Ranch Twilight. In support of this Motion, the moving parties agree and stipulate as follows:

On January 8, 2013, a Trustee's Deed Upon Sale was recorded against the Property by the HOA Trustee on behalf of Nevada Ranch Twilight, stating that a foreclosure sale occurred on December 12, 2012.

On April 25, 2013, a Corrective Trustee's Deed Upon Sale was recorded against the Property by the HOA Trustee, stating that it was recorded "[t]o correct foreclosing beneficiary name and TS. No." The foreclosing beneficiary was changed from Nevada Ranch Twilight to Nevada Ranch Master. The foreclosure sale date was also changed from December 12, 2012, to September 12, 2012.

On September 18, 2017, Ocwen filed a Complaint seeking damages against Nevada Ranch Twilight. ECF No.1.

After filing the Complaint, Ocwen moved to amend and, with leave of the Court, on April 25, 2018, filed its Amended Complaint naming the Nevada Ranch Master as an additional Defendant and asserting additional claims against Nevada Ranch Master and Nevada Ranch Twilight concerning the subject foreclosure sale identified in the Trustee's Deed Upon Sale and the Corrective Trustee's Deed Upon Sale.

After conducting further discovery into the correct identity of the foreclosing association, it has been confirmed that Nevada Ranch Master was, in fact, the foreclosing association, as set forth in the Corrective Trustee's Deed Upon Sale.

Based on the foregoing, Ocwen and Nevada Ranch Twilight agree that Ocwen's Amended Complaint against Nevada Ranch Twilight should be dismissed, without prejudice. It is further agreed that Nevada Ranch Twilight's written discovery requests to Ocwen, and Ocwen's responses thereto, are hereby withdrawn. It is also agreed that Ocwen's written discovery requests to Nevada Ranch Twilight, served on October 5, 2018, with responses currently due on November 8, 2018, are hereby withdrawn.

Ocwen and Nevada Ranch Twilight agrees that based on the dismissal that Nevada Ranch

Twilight's Initial Disclosure Pursuant to Fed. R. Civ. P. 26, and any and all supplements thereto, including its Initial Expert Disclosure, and supplemental expert disclosure and designation of rebuttal expert, are hereby withdrawn.  Nevada Ranch Twilight will also agree to vacate the pending Deposition of Rule 30(b)(6) of Ocwen, it served on September 28, 2018; Nevada Ranch Twilight's deposition subpoena to R. Scott Dugan, served on October 22, 2018; and Nevada Ranch Twilight's deposition subpoena to Regina Habermas, Esq., served on October 22, 2018, are vacated and Nevada Ranch Twilight shall serve a notice confirming that the aforementioned depositions are vacated within 3 days of entry of an Order granting this motion.

It is further agreed that as to the dispute between Ocwen and Nevada Ranch Twilight, each party shall bear their own fees and costs.  A proposed Order granting the Joint Motion to Dismiss is attached hereto.

DATED this __30th__ day of October, 2018         DATED this __30th__ day of October, 2018

WRIGHT, FINLAY & ZAK, LLP                        GORDON & REES LLP


*/s/ Christina V. Miller*                        */s/ David T. Gluth*
Christina V. Miller, Esq.                        David T. Gluth, Esq.
Nevada Bar No. 12448                             Nevada Bar No. 10596
7785 W. Sahara Ave., Suite 200                   300 South Fourth Street, Suite 1550
Las Vegas, NV 89117                              Las Vegas, NV 89101
*Attorneys for Plaintiff Ocwen Loan*             *Attorneys for Defendant Nevada Ranch*
*Servicing, LLC*                                 *Twilight Homeowners Association*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| OCWEN LOAN SERVICING, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>NEVADA RANCH TWILIGHT HOMEOWNERS ASSOCIATION, a Nevada non-profit company; NEVADA RANCH MASTER HOMEOWNERS ASSOCIATION, a Nevada non-profit company,<br><br>Defendant. | Case No.: 2:17-cv-02437-JCM-PAL<br><br>**ORDER TO DISMISS DEFENDANT NEVADA RANCH TWILIGHT HOMEOWNERS ASSOCIATION, WITHOUT PREJUDICE** |

Upon consideration of the Ocwen and Nevada Ranch's Joint Motion to Dismiss Nevada Ranch Twilight Homeowners Association, it is hereby ORDERED that the Joint Motion is GRANTED, as follows:

IT IS HEREBY ORDERED that Ocwen's Amended Complaint against Nevada Ranch Twilight is dismissed, without prejudice.

IT IS FURTHER ORDERED that Nevada Ranch Twilight's written discovery requests to Ocwen, and Ocwen's responses thereto, are hereby withdrawn. Ocwen's written discovery requests to Nevada Ranch Twilight, served on October 5, 2018, with responses currently due on November 8, 2018, are hereby withdrawn.

IT IS FURTHER ORDERED that Nevada Ranch Twilight's Initial Disclosure Pursuant to Fed. R. Civ. P. 26, and any and all supplements thereto, including its Initial Expert Disclosure, and supplemental expert disclosure and designation of rebuttal expert, are hereby withdrawn.

IT IS FURTHER ORDERED that Nevada Ranch Twilight's Notice of Deposition of Ocwen, served on September 28, 2018; Nevada Ranch Twilight's deposition subpoena to R. Scott Dugan, served on October 22, 2018; and Nevada Ranch Twilight's deposition subpoena to Regina Habermas, Esq., served on October 22, 2018, are vacated and Nevada Ranch Twilight

**Gordon Rees Scully Mansukhani, LLP**
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

shall serve a notice confirming that the aforementioned depositions are vacated within 3 days of entry of this Order.

IT IS FURTHER ORDERED that as to the dispute between Ocwen and Nevada Ranch Twilight, each party shall bear their own fees and costs.

_James C. Mahan_
UNITED STATES DISTRICT JUDGE

Date: November 2, 2018

Gordon Rees Scully Mansukhani, LLP
300 S. 4th Street, Suite 1550
Las Vegas, NV 89101

1108268/41017966v.1